UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| GEORGE P. FHIARAS, | ) | CASE NO. 1:11 CV 2224 |
| Plaintiff, | ) ) | JUDGE JAMES S. GWIN |
| v. | ) ) | MEMORANDUM OF OPINION |
| DANIEL GAUL, Judge, | ) | AND ORDER |
| Defendant. | ) ) | |

On October 19, 2011, Plaintiff *pro se* George P. Fhiaras, an inmate at the Cuyahoga County Jail, filed this 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Judge Daniel Gaul. The complaint alleges Judge Gaul has evinced bias against plaintiff, appointed counsel who made false statements about plaintiff, and is subjecting plaintiff to malicious prosecution. Plaintiff seeks damages, Judge Gaul's removal from the bench, and an order dismissing his criminal case.

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Judicial officers are generally absolutely immune from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). This far-reaching protection is needed to ensure that the independent and impartial exercise of judgment is not impaired by the exposure to potential damages. *Barnes*, 105 F.3d at 1115. For this

reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is not performed in the judge's judicial capacity; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. Plaintiff alleges no facts to show that either of these criteria has been met in this case.

Further, to the extent plaintiff seeks release, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 501 (1973).

Accordingly, this action is dismissed under section 1915A. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Dated: January 13, 2012  *s/ James S. Gwin*
JAMES S. GWIN
UNITED STATES DISTRICT JUDGE